UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| **SEAHAWK LIQUIDATING TRUST** | : | **DOCKET NO. 3:12-0081** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ET AL** | : | **MAGISTRATE JUDGE KAY** |

## ORDER

Before the court is "Defendants' Motion to Exclude the Testimony and Expert Report of Geoff Webster" (R. #69) wherein defendants, Certain Underwriters of Lloyds, London; ACE European Group Limited, National Union Fire Insurance Company, Pittsburgh, PA; Axis Specialty Europe Limited, Lancashire Insurance Company Limited, Swiss RE International SE, Aspen Insurance UK Limited, Berkley Insurance Company, Arch Insurance Company, and International Insurance Company of Hannover, Ltd. ( collectively referred to as "defendants") move the court to exclude the expert report and testimony of Geoff Webster pursuant to Federal Rules of Evidence 104, 401, 402, 403, 702, and 703.

Seahawk Liquidating Trust retained expert, Geoff Webster, to establish what caused certain damages to the SEAHAWK 3000 drilling rig that is the subject of this lawsuit and is potentially covered under the insurance policy at issue. Defendants complain that Mr. Webster's testimony is not based upon his personal knowledge and relies upon a substantially incomplete set of historical facts and observations. Thus, they argue that Mr. Webster's affidavit is based upon unsupported assumptions and is pure conjecture. Defendants seek to exclude from trial Mr. Webster's testimony

1

and expert report; defendants do not seek to exclude Mr. Webster or his report based upon his qualifications.

Federal Rule of Evidence 702 provides the following regarding expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"The trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[1] The party offering expert testimony must prove by a preponderance of the evidence that the proffered evidence satisfies the criteria of Federal Rule of Evidence 702.[2] As noted by Seahawk, an expert is not required to have firsthand knowledge in order to offer his opinion and/or submit an expert report.

> [A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation. See Rules 702 and 703. Presumably, this relaxation of the usual requirement of firsthand knowledge – a rule which represents "a most pervasive manifestation of the common law insistence upon 'the most reliable sources of information," is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline.[3]

Thus, in Daubert, the court recognized that an expert's testimony does not require firsthand knowledge or observation. Seahawk also relies on the Advisory Committee Notes to Rule 703 of the Federal Rules of Evidence which provides three possible sources of an expert's opinion: (1)

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993).

[2] Mathis v. Exxon Corp., 302 F.3d 448, 459-60 (5th Cir. 2002).

[3] Daubert, 509 U.S. 592 (internal citations omitted).

firsthand observation; (2) trial testimony or hypothetical questions; and (3) facts or data provided to the expert by third parties outside the courtroom.[4]

In addition to reviewing the deposition of Crane Zumwalt, the engineering manager for Seahawk who oversaw the repairs to the SEAHAWK 3000, Mr. Webster reviewed numerous documents, including but not limited to numerous surveys, the report and assessments of the SEAHAWK 3000 and adjustments of Arthur Mournian.[5] After reviewing the deposition and voluminous documents, Mr. Webster concluded that the jacking system of the SEAHAWK 3000 was in good and working condition before February 28, 2010, and that the problems with the system did not manifest themselves until after February 28, 2010. Thus, Mr. Webster concludes that the problems with the jacking system were caused by the events of February 28, 2010.

Defendants contend that these statements are speculative, conclusory and not founded upon Mr. Webster's personal examination of these components. Defendants maintains that no one knew the condition of the hydraulic components of the jacking system, the Fabreeka, and/or the pin plates relying on the deposition testimony of Mr. Zumwalt.[6]

The jurisprudence does not require that an expert have first-hand observation to form a reliable opinion. Mr. Webster's opinions are based on conclusions drawn from numerous documents regarding surveys of the SEAHAWK 3000 before the incident on February 28, 2010. Mr. Webster also relies upon his experience as a marine engineer and expert witness. The undersigned finds that

---

[4] Fed. R. Evid. 703 Adv. Cmte Notes.

[5] See Appendix No. 6 attached to Webster's expert report. R. #74, p. 29 to see the list of documents Mr. Webster relied upon.

[6] P. 378, line 22, p. 379, line 5.

3

to the extent that defendants challenge Mr. Webster's report and testimony, defendants will be given the opportunity to cross-examine Mr. Webster and present contrary evidence at trial.

## **ORDER**

For the reasons set forth above, it is

**ORDERED** that defendant's motion in limine is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 24th day of February, 2014.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE